UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMESON ROSADO,

                        Plaintiff,

-against-

JOSEPH A. DICKSON, RETIRED US MAGISTRATE; MIKE KELLY, CARTERET NJ PD; E. STENTELLA, CARTERET NJ PD; JERRY SANSEBERIO, US MARSHALS OFFICE,

                        Defendants.

22-CV-1691 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jameson Rosado brings this action *pro se*. He alleges that Defendants violated his rights in New Jersey. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).

    Plaintiff alleges that Defendants violated his rights on August 7, and August 13, 2020, at 58 Heald Street, Carteret, New Jersey. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims

arose in this district, venue is not proper in this Court under Section 1391(b). Plaintiff's claims arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 2, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2