Not For Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMESON ROSADO,

        *Plaintiff*,

    v.

JOSEPH A. DICKSON, et al.,

        *Defendants*.

Civil Action No. 22-1274

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    *Pro se* Plaintiff Jameson Rosado seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  D.E. 1.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

---

[1] Plaintiff filed the instant Complaint in the Southern District of New York, and it was *sua sponte* transferred to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).  D.E. 4.

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.   28 U.S.C. § 1915(e)(2)(B).   When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.  In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

In his Complaint, Plaintiff challenges Magistrate Judge Dickson's decisions and conduct in a matter that was previously pending before this Court. In the previous case, Plaintiff asserted wrongful termination claims against his former employer, the Federal Bureau of Investigation. Compl. at 5. Judge Dickson was the assigned magistrate judge in the matter. *Id.* Plaintiff now alleges that Judge Dickson took advantage of and exploited Plaintiff's inability to find counsel in the previous matter. *Id.* at 6. Plaintiff further alleges that after the previous complaint was dismissed, Judge Dickson "summoned US Marshals to the Carteret NJ Police Department," who then went to Plaintiff's home. Plaintiff appears to allege that Defendants U.S. Marshal Jerry Sanseberino (sic), and Carteret Police Officers E. Stentella and Mike Kelly unlawfully entered Plaintiff's home without a warrant and without cause. *Id.* at 4, 6. Plaintiff alleges that this conduct violated his Second and Fourth Amendment rights. *Id.* at 6.

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Defendants Stentella and Kelly appear to be state actors.

3

Judge Dickson, however, was a magistrate judge for the District of New Jersey and Defendant Sanseberino was a United States Marshal.[2]  While not set forth in Plaintiff's pleading, the Court assumes that Plaintiff intends to assert *Bivens* claims against these Defendants because they are not state actors.  "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations."  *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018).  *Bivens* is essentially a "federal analog" to suits brought against state officials under Section 1983. *Iqbal*, 556 U.S. at 675.  Moreover, Judge Dickson's alleged wrongdoing stems from his conduct in Plaintiff's previous matter.  As a result, the doctrine of judicial immunity is also applicable. "The doctrine . . . is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000).  Accordingly, judges are generally immune from a suit for money damages that challenges their conduct as judges.  *Id.*  Because Plaintiff is challenging Judge Dickson's conduct in his role as a judge, the claims against Judge Dickson are dismissed pursuant to the doctrine of judicial immunity.

As for Defendant Sanseberino, a plaintiff may generally only bring a *Bivens* claim for conduct that fall into three narrow categories of conduct approved by the Supreme Court.  *See Morales v. County of Camden*, No. 21-11961, 2022 WL 671369, at *3 (D.N.J. Mar. 7, 2022).  In *Bivens*, the petitioner alleged that, among other things, federal agents searched his apartment without a warrant.  *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971).  As discussed, Plaintiff alleges that Sanseberino violated Plaintiff's Fourth Amendment rights because he was involved in an alleged warrantless entry into Plaintiff's home.  Compl. at 6.  Therefore, Plaintiff's allegations against Sanseberino fall into a recognized *Bivens* claim category.  Plaintiff

---

[2] Judge Dickson and Sanseberino have since retired from federal service.

alleges that Defendants Stentella and Kelly were also involved in the same alleged Fourth Amendment violations.  Accordingly, the Court considers these claims together.

The Fourth Amendment protects persons from "unreasonable searches and seizures."  U.S. Const. amend. IV.   "Warrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants['] consent or probable cause and exigent circumstances exist to justify the intrusion." *United States v. Coles*, 437 F.3d 361, 365-66 (3d Cir. 2006) (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton v. New York*, 445 U.S. 573, 586 (1980)).  Here, Plaintiff simply states that "they entered [his home] unlawfully without a warrant and without cause."  Compl. at 6.  Plaintiff provides no factual details to support his Fourth Amendment claim.  As a result, Plaintiff's allegations are conclusory, and he fails to adequately state any Fourth Amendment claims.

With respect to Plaintiff's Second Amendment allegations, the Second Amendment provides an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).  Plaintiff, however, makes no mention of firearms in his Complaint.[3]  Consequently, Plaintiff fails to plead any violation of his Second Amendment rights.  The Court also notes that the Supreme Court has only approved of *Bivens* actions in three contexts: (1) a violation of Fourth Amendment search and seizure protections, *Bivens*, 403 U.S. at 397; (2) a violation of Fifth Amendment due process protections (against gender discrimination), *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) a violation of Eighth Amendment protections against cruel and unusual punishment (in not providing a prisoner adequate medical treatment), *Carlson v. Green,* 446 U.S. 14, 19 (1980).  "[E]xpanding the Bivens remedy" to cover

---

[3] While not pled in the Complaint, in later filings in this matter Plaintiff explains that during the unlawful entry into his home, Defendants illegally seized Plaintiff's firearms.  *See* Supp. Statement Regarding Change of Venue at 1, D.E. 6.

5

more constitutional violations "is now a 'disfavored' judicial activity." *Morales*, 2022 WL 671369, at *3 (quoting *Ziglar v. Abbasi*, --- U.S. ---, 137 S. Ct. 1843, 1857 (2017)).  Thus, it is unlikely that Plaintiff will be able to assert a *Bivens* claim based on violations of his Second Amendment rights—even if he plead the claim with the requisite plausibility.

In sum, Plaintiff does not state any plausible claims.[4]  The Complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint.  Yet, the Court notes that it has serious concerns that Plaintiff will be able to state a viable claim or claims in light the immunities and limitations mentioned above.  The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.  Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is not asserting claims against a party that is immune from suit.  If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be dismissed and closed.

Accordingly, and for good cause shown,

IT IS on this 5th day of May, 2022,

---

[4] Because Plaintiff fails to state any claims, the Court will not address Plaintiff's request to transfer this matter back to the Southern District of New York, D.E. 6, and his motion for an in-person status conference is denied, D.E. 7.

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Jameson Rosado's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the entire case being dismissed and closed; and it is further

**ORDERED** that Plaintiff's motion to transfer the matter (D.E. 6) and his motion for an in-person status conference (D.E. 7) are **DENIED**;

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.