**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMESON ROSADO,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSEPH A. DICKSON, et al.,<br><br>*Defendants*. | Civil Action No. 22-1274<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is *pro se* Plaintiff Jameson Rosado's Amended Complaint. D.E. 9. This Court previously granted Plaintiff's application to proceed in this action *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E. 8. The Court provided Plaintiff with leave to file an amended pleading. *Id.* Plaintiff subsequently filed his Amended Complaint, D.E. 9, and a motion to transfer the matter to the United States District Court for the Southern District of New York, D.E. 10.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff states that he is asserting Section 1983 claims. Am. Compl. at 10. Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state . . . law.[1]" *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

The Amended Complaint largely addresses Plaintiff's now closed case, which alleged that his employment with the FBI was wrongfully terminated. *See Rosado v. Dickson*, Civ. No. 15-3999 (D.N.J.). Although not included in Plaintiff's list of Defendants, Am. Compl. at 1-2, Plaintiff appears to assert claims against Judge Dickson, Judge Salas, and the undersigned for decisions in his prior case. Plaintiff identifies numerous mistakes that were allegedly made in his prior case. *See id.* at 12-29. As previously explained in this Court's first screening Opinion, these claims implicate the doctrine of judicial immunity. May 5 Opinion at 4. "The doctrine . . . is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Accordingly, judges are generally immune from a suit for money damages

---

[1] Plaintiff asserts claims against at least one Defendant, United States Marshal Jerry Sanseverino, who was a federal employee. As explained in the first screening opinion, a plaintiff can only assert a *Bivens* claim against federal officials, not a Section 1983 claim. May 5 Opinion at 4-5. *Bivens* is essentially a "federal analog" to suits brought against state officials under Section 1983. *Iqbal*, 556 U.S. at 675. Although there are clear differences between *Bivens* and Section 1983 claims, the Court considers the claims against the federal and state actor Defendants together for purposes of this screening Opinion, and does not review the differences between the two types of claims because the differences are not critical to the Court's analysis.

that challenges their conduct as judges. *Id*. Thus, these claims are dismissed pursuant to the doctrine of judicial immunity.[2]

Next, Plaintiff's Amended Complaint focuses on an incident that occurred on August 13, 2020, when two United States Marshals, including Sanseverino, and two Carteret police officers went to Plaintiff's home. During this interaction, the officers seized Plaintiff's firearms and arrested Plaintiff. Am. Compl. at 8-9. Plaintiff states that this was an unlawful entry into his home, presumably in violation of the Fourth Amendment. *Id.* at 7. But Plaintiff also pleads that although he informed Sanseverino and the other officers that their visit "was highly inappropriate," Plaintiff invited these individuals into his home. *Id.* "The Fourth Amendment prohibits unreasonable searches and seizures." *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). "Warrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion." *United States v. Cole*, 437 F.3d 361, 365–66 (3d Cir. 2006). In other words, "[c]onsent is an exception to the requirements of both a warrant and probable cause." *United States v. Murray*, 821 F.3d 386, 391 (3d Cir. 2016) (quoting *Stabile*, 633 F.3d at 230). Because Plaintiff consented to the officers' entry into his home, Plaintiff does not plead any Fourth Amendment violations.

---

[2] The Court notes that this Court granted Defendant's motion for summary judgment and closed Plaintiff's previous matter in 2020. *Rosado v. Dickson*, Civ. No. 15-3999, D.E. 145, 146 (D.N.J. Aug. 5, 2020). Plaintiff filed an appeal of the summary judgment decision, which was affirmed by the Third Circuit in 2021. *Id.* at D.E. 152 (D.N.J. Mar. 11, 2021). Plaintiff then filed a petition for a writ a certiorari, which was denied by the Supreme Court. *See* Supreme Court docket search result for No. 21-5473, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-5473.html (last visited Aug. 1, 2022). Plaintiff exhausted his appeals and although he clearly disagrees with the outcome in his employment discrimination case, that does not mean he can file a new matter challenging the final judgment in his prior case.

Plaintiff also alludes to a second incident where Carteret police officers went to his home without anyone from the U.S. Marshals. Am. Compl. at 11. Plaintiff, however, provides no details of this second visit, such as the date, which or how many Carteret officers went to his home, or what occurred. Without any details, the Court cannot determine if Plaintiff sufficiently alleges any Fourth Amendment violation. Accordingly, to the extent Plaintiff pleads a Section 1983 claim based on this occurrence, it too is dismissed.

Finally, Plaintiff asserts claims against New Jersey state judges William Feingold, Allen Comba, and Colleen Flynn, as well as Middlesex County Prosecutor Kaitlyn Maltese relating to the New Jersey state court matter that resulted from the August 13 occurrence. *Id.* at 1, 6, 9-10. Much like his critiques of the Court's decisions in his employment discrimination case, Plaintiff challenges decisions made in the state court matter in the Amended Complaint. For the reasons discussed above, Plaintiff's claims against the New Jersey state court judges are dismissed pursuant to the doctrine of judicial immunity. These claims clearly pertain to the Defendant state court judges' conduct as judges.

Plaintiff's claims against the County Prosecutor Defendant implicate the doctrine of prosecutorial immunity. "Under federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors." *Newsome v. City of Newark*, No. 13-6234, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014). Therefore, "decisions regarding how to proceed with a prosecution serve a prosecutorial . . . function and thus warrant absolute immunity." *Id.* at *3. Accordingly, Maltese is immune from Plaintiff's Section 1983 claims. Plaintiff, therefore, fails to state a claim with respect to his allegations that pertain to the state court litigation.

In sum, Plaintiff does not state any plausible claims.[3] The Complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). To the extent that Plaintiff seeks to relitigate any of his federal or state court matters, these claims are futile. As discussed, these claims are barred by the doctrines of judicial and prosecutorial immunity. But at this time, the Court cannot conclude that Plaintiff's claims that relate to the U.S. Marshals and Carteret police officers are futile. As a result, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein, solely with respect to those claims. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any dismissed Defendant, concerning the allegations in the pleading.

Accordingly, and for good cause shown,

IT IS on this 1st day of August, 2022,

---

[3] Because Plaintiff fails to state any claims, the Court does not address Plaintiff's request to transfer this matter to the Southern District of New York. D.E. 10.

**ORDERED** that the Clerk of the Court is directed to file the Amended Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.