**Not For Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMESON ROSADO,<br><br>          *Plaintiff*,<br><br>     v.<br><br>JOSEPH A. DICKSON, et al.,<br><br>          *Defendants*. | Civil Action No. 22-1274<br><br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is *pro se* Plaintiff Jameson Rosado's Second Amended Complaint ("SAC"). D.E. 13. This Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed his Complaint and an Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E. 8, 11 ("Aug. 1 Opinion"). In dismissing the Amended Complaint, the Court provided Plaintiff with leave to file an amended pleading solely as to Plaintiff's claims against the U.S. Marshals and Carteret police officers. Aug. 1 Opinion at 6. Plaintiff subsequently filed the SAC. D.E. 13. Plaintiff's motion to transfer to the United States District Court for the Southern District of New York is also pending before the Court. D.E. 10.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

This Court dismissed Plaintiff's Amended Complaint largely because it addressed purported mistakes that the undersigned, Judge Dickson, and Judge Salas made in a previous employment discrimination case that Plaintiff filed against his former employer. The Court dismissed these claims because they implicated the doctrine of judicial immunity. Aug. 1 Opinion at 3-4. In dismissing these claims, the Court explained that "[t]o the extent that Plaintiff seeks to relitigate any of his federal or state court matters, these claims are futile. As discussed, these claims are barred by the doctrines of judicial and prosecutorial immunity." *Id.* at 6. To the extent

2

Plaintiff disagreed with any decisions in the prior litigation, his recourse (which Plaintiff exercised) was to take an appeal in that matter.   Thus, Plaintiff was not granted leave to file amended claims that addressed any of his prior litigation.   Despite this clear guidance, Plaintiff still seeks to relitigate his previously dismissed claims in this matter.   The SAC pertains to evidence that the undersigned, Judge Dickson and/or Judge Salas purportedly overlooked or misconstrued and alleges that they made other mistakes throughout the prior case.   *See*, *e.g.*, SAC at 12 (referencing D.E. 21 in Civ. No. 15-3999, a document in the previous litigation); 16 (alleging that the judges made bad faith comments about settlement negotiations).   As explained, Plaintiff cannot "file a new matter challenging the final judgment in his prior case."  Aug. 1 Opinion at 4 n.2. Again, the proper procedure for contesting the prior litigation was an appeal in that case.   Because the SAC solely asserts claims Plaintiff has clearly been instructed that he cannot make in this matter, the SAC is dismissed with prejudice.

Further, as explained, Plaintiff was granted leave to file amended claims as to the U.S. Marshals and Carteret police officers.  Aug. 1 Opinion at 6.  But this Court explained that "[i]f Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will be with prejudice."  Aug. 1 Opinion at 6.  Plaintiff did not do so.   Therefore, Plaintiff's claims against these parties are also dismissed with prejudice.[1]

Finally, because Plaintiff's claims are dismissed with prejudice, there is no case to transfer to the United States District Court for the Southern District of New York.  As a result, Plaintiff's

---

[1] In the SAC, Plaintiff states that within the next two weeks he will assemble "an appendix" relating to the State charges.  SAC at 20.  Based on Plaintiff's reference to the state charges, the Court presumes that the appendix would have addressed Plaintiff's claims against the U.S. Marshals and the Carteret police officers.  Plaintiff, however, never filed an appendix.  Even if Plaintiff had filed an appendix though, it would have been untimely.

motion for change of venue is denied as moot.  An appropriate Order accompanies this Opinion.

**Dated:**    October 28, 2022

John Michael Vazquez, U.S.D.J.